**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

JAVIER IRIZARRY,

    Petitioner,

v.                                                 CASE NO:  8:05-CV-61-T-30MAP
                                                               Crim. Case No: 8:03-CR-22-T-30MAP

UNITED STATES OF AMERICA,

    Respondent.
_____/

## ORDER

THIS CAUSE comes before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (CV Dkt. #1) filed on January 10, 2005, the Memorandum in support (CV Dkt. #3) filed on February 18, 2005, and the Amended Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (CV Dkt. #8) filed on September 5, 2006.  The Court has undertaken a preliminary review of the motions and Memorandum in support and the prior proceedings in the underlying criminal case[1] as required by Rule 4 of the Rules Governing §2255 Proceedings for the United States District Courts.  After doing so, the Court concludes that this motion is due to be summarily denied without an evidentiary hearing because it plainly appears from the face of the motion and the prior criminal proceedings that Petitioner is entitled to no relief.  Consequently, the Court needs no response from Respondent.

---

[1] See case number 8:03-CR-22-T-30MAP.

## Background

Petitioner, JAVIER IRIZARRY (hereinafter referred to as "Irizarry" or "Petitioner") and co-defendant Robert Cuevas were named as co-defendants in a one count indictment charging them with conspiracy to possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§846 and 841(b)(1)(A)(ii). On April 3, 2003, Petitioner appeared before Magistrate Judge Pizzo and entered his guilty plea pursuant to a written plea agreement. The guilty plea was accepted by this Court on June 5, 2003, and Petitioner was sentenced on January 9, 2004.

Prior to the sentencing, the probation officer prepared a presentence report which was reviewed by Petitioner and his counsel. They had no objections to the factual accuracy of the report and therefore the facts contained therein are deemed admitted. Defense counsel did object to the application of the guidelines, both in writing and orally at the sentencing hearing, as to paragraphs 17 and 26 of the presentence report. Paragraph 17 enhanced Petitioner's offense level by two points for obstruction of justice and paragraph 26 denied any reduction for acceptance of responsibility.

The probation officer responded to Petitioner's objections as follows:

1. **Paragraphs 17 and 24 [Obstruction of Justice, USSG §3C1.1].** The defendant objects to the Probation Office recommending that he receive a 2 level adjustment for providing a false name and information to the District Court and for hindering the Probation Officer's presentence investigation. The defendant claims that, under certain circumstances, a false name or identification does not warrant this adjustment.

    > The defendant provided a false name, a false biographical history, and false documents and

identification concerning his true identity from the date of his arrest in early January 2003, until confronted by the Probation Officer concerning discrepancies with this information in approximately October 2003.

The United States Sentencing Guidelines indicate that the 2 level adjustment under 3C1.1 applies if "*(f) providing materially false information to a judge or magistrate; or (h) providing materially false information to a probation officer in respect to a presentence or other investigation for the court.*"

In this matter, the defendant appeared on multiple occasions before the United States District Court under an assumed name and identity, and he continued this ruse through the presentence investigation process while he gave the Probation Officer false information concerning every aspect of his life. These falsehoods caused a 5 month delay in the investigation and sentencing process due to the additional investigation into the discrepancies given by the defendant.

Although the sentencing guidelines provide that making a false statement at the time of arrest may not warrant an adjustment, the citation provided by the defendant under USSG §3C1.1, comment. (n.5)(a) states that *"providing a false name or identification document at arrest, except where such conduct actually resulted in a significant hindrance to the investigation or prosecution of the instant offense,"* and (c) *"providing incomplete or misleading information, not amounting to a material falsehood, in respect to a presentence investigation."* These instances indicate that, given the defendant's materially false statements to the Court and Probation Office, the adjustment applies.

2. **Paragraph 26 [Adjustment for Acceptance of Responsibility, USSG §3E1.1].** The defendant objects to the Probation Office not recommending that he receive a reduction under this section. He contends that he is entitled to an adjustment.

> The defendant maintained his false identity throughout his Court appearances, under oath, and during the presentence investigation. The Probation Office finds no authority in the United States Sentencing Guidelines that the defendant should be rewarded with a reduction under 3.E1.1 for false statements to the Court and to the Probation Office. Conversely, 3E1.1, comment (n.4) indicates that "*Conduct resulting in an enhancement under §3C1.1...ordinarily indicates that the defendant has not accepted responsibility for his criminal conduct.* In this matter, the defendant entered into a plea agreement with the government, and before the United States District Court, knowing that he had entered into that agreement under false pretenses. For that reason, the Probation Office recommends that the defendant not receive any adjustment for acceptance of responsibility.

At the sentencing hearing, the Court, after having considered the arguments and admitted facts, found that Petitioner had delayed the investigation and stated:

> I find that by lying about his name he did delay the investigation of this case; and he did it, obviously, for a purpose: to try to mislead the government; and that the scoring of the probation officer is correct.

Page 4, Sentencing transcript (CR Dkt. #75).

Petitioner did not file a direct appeal, but has timely filed this §2255 motion asking that his sentence be vacated, an evidentiary hearing be held, he be given credit for acceptance of responsibility, the enhancement for obstruction of justice be removed, and, in addition, he be granted a downward departure from the Sentencing Guidelines. He raises several grounds in an effort to obtain this relief, all of which, in one way or another, claim that his attorney was ineffective by failing to convince this Court to rule differently on the obstruction of justice and acceptance of responsibility issues.

## **Discussion**

Petitioner's arguments in support of his contention that his attorney was ineffective are summarized at the beginning (pages 1 and 2) of his Amended Motion where he states:

> The Sixth Amendment guarantees me the right to effective assistance of counsel in as much as research, diligence and properly prepared from said counsel. However, the counsel at the time of sentencing in my case, failed to properly argue 18 USCA, USSG §3E1.1. I did in-fact proffer with the Government and plead guilty in a timely fashion and abided by all that was required from me, by the government. However, due to a confusion in a name, I was denied the 2 points for acceptance as well as one additional point for pleading in a timely fashion to save the government time and money and not have to prepare for a costly trial. The mishap of the name confusion was not to obstruct justice avoid prosecution or manipulate the law in any way shape or form. The United States Department of Social Security even allows for a person(s) to use any name that you choose as long as it is not used to break the law or avoid justice. The government was well aware of the difference in name before time and defense counsel should have researched the defendants past records to determine the accuracy of his information. The use of finger prints that have been in effect since the end of the 1800's and accepted in the early 1900's by court of law should have and would have indicated the name difference, if the defense counsel would have applied his legal training properly. The defendant maintains that his difference in names was only an oversight and not an obstruction of justice that the government insinuated at sentencing.

The Court notes that Petitioner does not claim he ever told his lawyer his correct name or that he had lied to the government, the magistrate judge, and the probation officer investigating his background. He merely argues that, to be effective, his lawyer should have "researched the defendant's past records" and taken his fingerprints to verify the truthfulness of the information Petitioner gave him. In other words, it is Petitioner's position that his attorney was ineffective because he believed what Petitioner told him.

As Petitioner acknowledges, ineffective assistance of counsel claims are governed by <u>Strickland v. Washington</u>, 466 U.S. 668 (1984). To establish a *prima facie* claim of ineffective assistance of counsel, a petitioner must show that: (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. Deficient performance is performance which is objectively unreasonable under prevailing professional norms. Prejudice results when there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> at 694. The Eleventh Circuit has held that when applying <u>Strickland</u>, the Court may dispose of ineffectiveness claims on either of the two prongs without the necessity of discussing the other. <u>Oats v. Singletary</u>, 141 F.3d 1018 (11th Cir. 1998).

Here, Petitioner fails to establish deficient performance on the part of his attorney. It is not unprofessional for an attorney to believe what his client tells him. There is no necessity to run a background check or run fingerprints to verify the truthfulness of the information given by a client. The attorney in this case did argue to the Court the issues raised by Petitioner. It is not ineffective assistance of counsel just because an argument is unsuccessful.

## **Conclusion**

Petitioner's arguments do not satisfy the deficiency prong of the <u>Strickland</u> test. Therefore, Petitioner's motions to vacate will be denied.

It is therefore ORDERED AND ADJUDGED that:

1. Petitioner's Motions to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (CV Dkt. #1 and #8) are DENIED.

2. The Clerk is to enter judgment for Respondent, United States of America, terminate any pending motions, and close this case.

3. The Clerk is directed to terminate from pending status the motion to vacate found at CR Dkt.#74, in the underlying criminal case, case number 8:03-CR-22-T-30MAP.

**DONE** and **ORDERED** in Tampa, Florida on October 31, 2006.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

F:\Docs\2005\05-cv-61.deny 2255.wpd